■ In the Matter of the Claim of HELEN W. FILLEUL, Respondent, against MANUFACTURERS TRUST COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board granting death benefits. Decedent was an elevator operator in an apartment house who occasionally substituted as door-

man. On the morning of May 27, 1953 according to the testimony of his widow, decedent left home for work in good health. Upon his return from work he related an incident to her which occurred while he was acting as doorman. He related that an elderly lady with troubled vision was about to fall on the descending steps from street level into the apartment house, and that he lunged forward to save her fall and felt a sharp pain, which he described as in his back. He continued to work until June 2, when his wife was summoned by telephone to the apartment house where he worked. Upon her arrival she found him lying on the floor, conscious but in great pain. He was removed to a hospital where he died on June 3, 10 hours after his admission. The history recorded by the attending physician related the same accident which he had originally told and frequently repeated to his wife during the interval between the accident and his death. The original diagnosis, confirmed on autopsy, was that death was due to a ruptured aneurysm of the lower abdominal aorta. The hearsay testimony of the widow and the history given to the doctor were admissible under section 118 of the Workmen's Compensation Law. The only question here is whether it is "corroborated by circumstances or other evidence" so as to be sufficient to establish accident and injury. We think the record contains enough to permit the finding by the Board that there are circumstances which corroborate the hearsay testimony and thereby established the accident within the meaning of section 118. In addition to the hearsay evidence there is direct evidence that decedent was in good health when he left home for work on May 27; that he was pale and in observable pain when he returned; that he continued to have pain symptoms observable without spoken words until his death. The medical testimony not only confirms that such an accident caused the aorta condition, and death, but clearly expresses a medical view that something happened on May 27 which ruptured the inner lining of the aorta, causing free blood to accumulate in the tissues and finally, on June 2, resulted in a complete rupture. It was medically determined from the condition of the blood clots that a space of time elapsed between the original rupture of the inner lining and the complete rupture. Moreover, the medical testimony clearly indicates that such a rupture as found in this decedent usually results from stress or strain. Adding the observations of others to the history given to the attending physician and the observable symptoms coinciding with decedent's relation of the accident to his wife, the record seems adequate to permit a determination that the hearsay statements were corroborated by " circumstances or other evidence " within the meaning of the statute. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.